IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| THOMAS MCLAUGHLIN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NO. 3:26-cv-00303 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| BROCK PIERCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **ORDER**

Pending before the Court is a "Stipulation of Dismissal With Prejudice for Claims Brought by Tim Flaherty and Jake Flaherty" (Doc. No. 19, "Dismissal Document"), filed by two of the plaintiffs in this action, Tim Flaherty and Jake Flaherty (collectively "Flaherty Plaintiffs").[1]

Via the Dismissal Document, the Flaherty Plaintiffs purport to "dismiss their claims in this lawsuit with prejudice." (Doc. No. 19). The title of the Dismissal Document suggests that it was intended to be a stipulation of voluntary dismissal under Rule 41(a)(1)(A)(ii), which is self-effectuating in that it serves to dismiss an action as of the time it is filed, without any action on the part of the Court.[2] However, the Sixth Circuit has indicated that dismissal of one or more parties (but fewer than all parties)—as opposed to an entire action—is more proper pursuant to Fed. R. Civ. P. 21. *AmSouth v. Dale*, 386 F.3d 763, 778 (6th Cir. 2004); *Sheet Metal Workers' Nat. Pension*

---

[1] Thomas McLaughlin and Michael Miglio are also plaintiffs in this action, but they (and their claims) are not mentioned in the Dismissal Document. The Court will refer collectively to Tim Flaherty, Jake Flaherty, Thomas McLaughlin and Michael Miglio as "Plaintiffs" herein.

[2] Notably, if the Flaherty Plaintiffs intended for the Dismissal Document to be a stipulation of voluntary dismissal under Rule 41(a)(1)(A)(ii), the Dismissal Document would also have needed to be "signed by all parties who have appeared." Rule 41(a)(1)(A)(ii). Here, the Dismissal Document is signed only by counsel for Plaintiffs.

*Fund Bd. of Trustees v. Courtad, Inc.*, No. 5:12-CV-2738, 2013 WL 3893556, at *4 (N.D. Ohio July 26, 2013) ("A plaintiff seeking to dismiss only one defendant from an action must move the Court to do so under Rule 21"). Dismissal under Rule 41(a)(1)(A)(ii) is dismissal of an action, not dismissal of certain parties.

Rule 21 provides that the Court may at any time, on motion or on its own, add or drop a party or claim. Other circuits disagree, but district courts in this circuit routinely apply Rule 21, rather than Rule 41, when dismissing fewer than all defendants or claims. *United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 464 (E.D. Ky. 2018) (citing cases). This distinction between Rules 41 and 21 is not meaningless. *Id.* at 465. First, dropping less than the entirety of an action risks prejudice to the other parties. And, secondly, this is a federal court, where the rules matter. *Id.* In other words, "the procedural vehicle makes a difference." *EQT Gathering, LLC v. A Tract of Prop. Situated in Knott Cnty., Ky.*, No. CIV.A. 12-58-ART, 2012 WL 3644968, at *4 (E.D. Ky. Aug. 24, 2012).

For these reasons, the Court will construe the Dismissal Document as a motion under Rule 21 to drop two parties (the Flaherty Plaintiffs) and all claims of the Flaherty Plaintiffs brought in this action, and the Court must make an independent determination that dropping these parties is appropriate. Here, the Court has little difficulty concluding that the interests of justice support dropping these parties as requested, given both its potential for increasing judicial efficiency in resolving this dispute and the absence of any objection.

Because the Dismissal Document indicates that the claims brought by the Flaherty Plaintiffs are dismissed with prejudice, the claims brought by the Flaherty Plaintiffs are **DISMISSED** with prejudice. The Clerk of the Court is **DIRECTED** to terminate Tim Flaherty and Jake Flaherty as plaintiffs in this action. The claims of the other two plaintiffs in this action, Thomas McLaughlin and Michael Miglio, remain pending.

Beyond the Dismissal Document, there is something else that the Court must address. This action was initiated on March 13, 2026 (Doc. No. 1). After this action was commenced, counsel for Plaintiffs, Ryan Downton ("Downton"), was directed by a March 13, 2026 notice on the docket to "associate [with] local counsel qualified to practice in the United States District Court for the Middle District of Tennessee," and—pursuant to the March 13, 2026 notice—a notice of appearance by local counsel was due by April 3, 2026. As of May 13, 2026, there is no indication that Downton has associated with local counsel and local counsel has not filed a notice of appearance on behalf of Plaintiffs.

What's more, although Plaintiffs filed their complaint (Doc. No. 1, "Complaint") in this action on March 13, 2026, Defendants, Brock Pierce and Scott Walker, have neither filed an answer to the Complaint nor a motion to dismiss the Complaint.

Accordingly, the remaining plaintiffs in this action (Thomas McLaughlin and Michael Miglio) are **ORDERED** to file a status update within fourteen (14) days of this Order regarding the status of this lawsuit, including whether Plaintiff's counsel intends to affiliate with local counsel as required by Local Rule 83.01(d). Likewise, Defendants are **ORDERED** to file a status update within fourteen (14) days of this Order regarding the status of this lawsuit, including whether Defendants intend to defend this lawsuit.

The parties may either file a joint status update or individual status updates.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE